**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CHARLES J. MITCHELL,
Petitioner,

v.

CLARK MARYLAND TERMINALS;

No. 97-1887

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR,
Respondents.

On Petition for Review of an Order
of the Benefits Review Board.
(94-713)

Argued: April 7, 1998

Decided: July 15, 1998

Before ERVIN and WILKINS, Circuit Judges, and
G. ROSS ANDERSON, JR., United States District Judge for the
District of South Carolina, sitting by designation.

_____

Reversed by unpublished opinion. Judge Ervin wrote the opinion, in
which Judge Wilkins and Judge Anderson joined.

_____

**COUNSEL**

**ARGUED:** Bernard Jerome Sevel, SEVEL & SEVEL, P.A., Balti-
more, Maryland, for Petitioner. Andrew Martin Battista, Towson,
Maryland, for Respondents.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

ERVIN, Circuit Judge:

This case arises out of the Benefits Review Board's ("BRB") reduction of the hourly rate requested by an attorney in a fee petition submitted for work on a successful claim under the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 901 et seq. (1994). Claimant Charles J. Mitchell prevailed on his LHWCA claim against his employer, Clark Maryland Terminals, before an administrative law judge, and the employer appealed to the BRB. In response, the claimant's attorney submitted a 27-page brief to the BRB. After the appeal was summarily affirmed,* the claimant's attorney filed a fee petition with the BRB, pursuant to 20 C.F.R. § 802.203 (1997), requesting payment for 8.05 hours of work preparing the brief, at the rate of $195.00 per hour. The employer responded to this fee petition, arguing that the charges were excessive and should be reduced. The BRB then entered an order stating:"After review of the fee petition and employer's response, the Board considers the requested hourly rate to be excessive in view of the nature and complexity of the case, and therefore reduces the allowable hourly rate to $150.00. In all other respects, the fee is awarded as requested." Joint Appendix at 86. The claimant then filed a motion for reconsideration, which the BRB denied. This appeal followed.

Our review of the BRB's decision is limited. An agency's interpretation of its own regulations is entitled to substantial deference from the courts. See Stinson v. United States, 508 U.S. 36, 45 (1993);

_____

*The BRB never addressed the merits of the appeal. On September 12, 1996, the BRB sent the parties a notice stating that pursuant to the provisions of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, § 101(d), 110 Stat. 1321, 1321-29 (1996), all appeals to the BRB relating to claims under the Act were deemed to have been affirmed if the case had been pending before the BRB for more than one year.

United States v. Boynton, 63 F.3d 337, 342 (4th Cir. 1995). Nonetheless, "the interpretation will not be enforced if it is plainly erroneous or inconsistent with the regulation's language or the intent of the regulation...." Boynton, 63 F.3d at 342. In this case, the issue before us is whether the BRB's decision to reduce the attorney's hourly rate due to the complexity of the case is inconsistent with the regulation's language. We find that it is.

The BRB is authorized to award a successful claimant attorney's fees under 33 U.S.C. § 928, but that section does not explain how the BRB should assess the proper amount of the fee. Regulatory guidance, however, is provided by 20 C.F.R. § 802.203. Subsection (d)(4) of that regulation instructs the attorney for a successful claimant to submit a fee application including: "The normal billing rate for each person who performed services on behalf of the claimant. The rate awarded by the Board shall be based on what is reasonable and customary in the area where services were rendered for a person of that particular professional status." Because the plain language of the regulation allows the BRB to adjust an attorney's normal billing rate only if it is out of line with what is "reasonable and customary" for a similarly-qualified professional in the same area, we find that the BRB applied the wrong standard when it lowered the attorney's fees in this case in light of its "nature and complexity." While the BRB may adjust the number of hours or overall fee awarded pursuant to a case's complexity, see 20 C.F.R. § 802.203(e), the language and structure of the regulation compels us to conclude that the BRB must accept the attorney's normal billing rate, unless it finds that the requested rate is not reasonable or customary for an attorney of that professional status in the area where services were rendered, see 20 C.F.R. § 802.203(d)(4).

Because there is no evidence to suggest, and the BRB did not find, that the hourly rate of $195.00 requested by the attorney here was excessive in light of his professional status and experience in the area in which he practices, we reverse the BRB's decision and award a fee of $1,569.75 for 8.05 hours of legal services at the hourly rate of $195.00, to be paid directly to claimant's counsel by the employer.

REVERSED

3